UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRELL DARRON BURNSIDE,

    Plaintiff,

v.   Case No. 3:24cv485-LC-HTC

ARAMARK CORPORATION, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Darrell Darron Burnside, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to his incarceration at Santa Rosa Correctional Institution. Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed with prejudice because it is barred by *res judicata*. Additionally, Plaintiff failed to truthfully disclose his litigation history.

## I.  LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

## II.     RES JUDICATA

Plaintiff, an inmate currently incarcerated at Santa Rosa Correctional Institution ("SRCI"), brings this action against Aramark Corporation and Adam Sutton, a Food Services Director at SRCI, for serving food on trays prepared under unclean conditions – namely the trays were moldy, from January to June 2024. Plaintiff believes this conduct violates the Eighth Amendment.  Plaintiff, however, cannot proceed on this claim because he filed similar claims against the same Defendants in June 2024, and that action was dismissed for failure to state a claim. *See Burnside v. Aramark*, N.D. Fla. Case No. 3:24cv289-LC-ZCB.  Plaintiff's action is, therefore, barred by *res judicata*.

Under the doctrine of *res judicata*, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action.  *See e.g.*, *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Smith v. Sec'y of Veterans Affs.*, 808 F. App'x 852, 853 (11th Cir. 2020).  In the Eleventh Circuit, four elements must be met for *res judicata* to apply: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the

same causes of action. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

Here, each of the elements of *res judicata* are met. First, this Court had jurisdiction over Plaintiff's June 2024 action. Second, this lawsuit involves the same parties as in June 2024 action. Third, both cases involve the same cause of action and arise out of the same "nucleus of operative fact" (i.e., the alleged serving of food on moldy trays). *See Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). Indeed, in the complaint form, Plaintiff admits the June 2024 action involved the "same facts or issues" as the instant case. Finally, the June 2024 action was adjudicated on the merits – it was dismissed for failure to state a claim. *See* Docs. 13, 15 in N.D. Fla. Case No. 3:24cv289-LC-ZCB.[1]

### III.    FAILURE TO ACCURATELY DISCLOSE LITIGATION HISTORY

As a second and independent ground for dismissal, Plaintiff failed to truthfully disclose his litigation history on the complaint form. Plaintiff was asked on the complaint form to disclose any case he filed in the federal courts which was dismissed as frivolous, malicious, or failure to state a claim. In response to that

---

[1] Although the Order dismissing the June 2024 action did not specifically state the dismissal was with prejudice, it is well settled that a dismissal is treated as one with prejudice unless the court states otherwise. *See* Fed. R. Civ. P. Rule 41(b); *see also NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[Despite the court] not indicat[ing] whether [it] dismissed the claims . . . with or without prejudice . . . the Supreme Court has clearly stated that the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.") (cleaned up and citation omitted).

question, Plaintiff identified the June 2024 action. He was also asked to identify any other lawsuit he has filed challenging his conviction or relating to the conditions of his confinement. In response to that question, Plaintiff identified a state habeas action and a state appeal of his conviction; Plaintiff did not identify *Burnside v. Davis-Cotton*, N.D. Fla. Case No. 3:23cv24701-LC-HTC.

The Court takes judicial notice that Plaintiff filed *Davis-Cotton* on or about November 15, 2023, while he was a prisoner incarcerated at SRCI. In that action, Plaintiff sought to sue SRCI officers and the Warden of SRCI under 42 U.S.C. § 1983 for "committ[ing] state and federal offenses for [his] prison sentence" by incarcerating him without sufficient documentation to prove he was convicted. *Burnside v. Davis-Cotton*, N.D. Fla. Case No. 3:23cv24701-LC-HTC, Doc. 1. This case clearly relates to his conviction or the conditions of his confinement.

The complaint warned Plaintiff "that failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified." Despite failing to truthfully disclose his litigation history, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Plaintiff's *pro se* status does not excuse him from conforming to acceptable

Case No. 3:24cv485-LC-HTC

standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Case No. 3:24cv485-LC-HTC

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE because it is barred by *res judicata*, and also as malicious for Plaintiff's failure to truthfully disclose his litigation history.

2. That the clerk close the file.

At Pensacola, Florida, this 11th day of October, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv485-LC-HTC